UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

J. B. HODGES                                                                                               PLAINTIFF

V.                                                            CIVIL ACTION NO.1:04CV153-GHD-JAD

PRESTAGE FARMS, INC.                                                                         DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this complaint asserting his right to be re-employed by the defendant under the Uniformed Services Employment and Reemployment Rights Act (USERRA) 38 U.S.C. 4301 et. seq. The defendant filed a motion for summary judgment and the plaintiff filed his response in opposition. The court initially denied the motion for summary judgment. The matter is now before the court on the defendant's motion for reconsideration (Doc. 26). The court has reconsidered the matter and finds that the motion for summary judgment should have been granted.

Summary Judgment Standards

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus*., 839 F.2d 1121, 1122 (5th Cir.1988) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990). Because there is no evidence to support one element of Hodges' claim, summary judgment must be granted.

## FACTUAL BACKGROUND AND ANALYSIS

There is considerable dispute between the parties regarding the circumstances of the plaintiff's departure from his employment with Prestage Farms when called to active duty. Prestage Farms contends that plaintiff quit his employment indicating that he did not intend to return. Plaintiff contends that he did not quit, but rather informed his supervisor that he had been activated and was leaving due to his military service. The defendant contends quite erroneously that Hodges failed to comply with USERRA in making his departure. The Director of Human Resources, Richard C. Stubbs, Jr., shows by his affidavit that he was under the impression that Hodges was or could be required to submit his military orders at the time he was activated in order to protect his re-employment rights. The statute clearly does not contain any such requirement nor allow the employer to impose that requirement. A departing service member is only under a requirement to provide appropriate written or oral notification to the employer of the activation.[1] There is no

---

[1] The employer likewise has no responsibility for obtaining any resignation in writing. The court in its initial consideration misread the provision of Title 38 U.S.C § 4316(2)(A)(i)(ii) and 38 U.S.C.A. § 4316(2)(B). These provisions require waiver of the benefits of USERRA in writing and places the burden of proof on the employer to prove the waiver. The court misread the statute. On closer reading, these statutes are not applicable on the particular facts of this case. This statute does not address proof of whether there was a voluntary quit versus a firing at the time Hodges was activated. It is not otherwise applicable since Hodges was re-employed by Prestage Farms, but not under the provisions of USERRA.

dispute between the parties that at least oral notification was supplied. While the parties' versions of a subsequent contact between Hodges and Stubbs, when Hodges was home on leave, are conflicting, the parties agree that Stubbs informed Hodges he did no longer had a job at Prestage Farm. Based on these facts a jury might find either that Hodges voluntarily quit, that there was a misunderstanding between the parties, or that he was improperly fired when he left for active military duty.

There is, however, a clear, unambiguous second requirement that Hodges reapply for employment within ninety days of his discharge from active duty in order to have a right to reclaim his job under USERRA and reap the other benefits of the statute. 38 U.S.C. § 4312(e)(1)(D). The statute provides that there shall not be an automatic forfeiture of USERRA rights for failure to comply with the ninety day requirement, provided that the service member complies with the employer's rules and policies. Prestage Farms has a policy that provides for the termination of an employee who is absent without notice or excuse for a period of three days. The interaction of this statutory exception and the Prestage Farms policy mandates only an additional three day period for applying to return to work. It is undisputed that Hodges did not apply within either 90 or 93 days of being released from military service, waiting nearly two more months beyond theses deadlines before applying. There is nothing in the statute to suggest any other basis for excusing the failure to reapply within the time set by the statute, even if a jury were to find that Hodges was improperly fired by the defendant. Because the plaintiff has failed to produce any evidence to support one element of his claim, timely application for re-employment, he has failed to make out a prima facie case, rendering the factual disputes regarding his departure for service immaterial. *Geiserman,* 893 F.2d 787, 793(5th Cir. 1990). The defendant is entitled to judgment as a matter of law.

The court grants the motion for reconsideration and finds that the motion for summary judgment should have been and it is hereby granted. A separate judgment shall be entered.

This the 18th day of April, 2007.

/s/ Jerry A. Davis
UNITED STATES MAGISTRATE JUDGE